# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Case No.: 20-1271V

```
*  *  *  *  *  *  *  *  *  *  *  *  *
ROBIN ROSSMANN,                      *
                                     *
            Petitioner,              *          Filed: June 29, 2026
                                     *
v.                                   *          Chief Special Master Corcoran
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Caitlin H. Walton,* Essex Richards, PA, Charlotte, NC, for petitioner.

*Tyler King,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 25, 2020, Robin Rossman filed her claim in the National Vaccine Injury Compensation Program,[2] alleging that she suffered cardiomyopathy and congestive heart failure after receiving an influenza vaccine on September 29, 2017. Petition (ECF No. 1). On August 7, 2025, a Decision awarding Petitioner damages was entered. Decision on Stipulation (ECF No. 58).

Petitioner filed a motion for an award of attorney's fees and costs on February 2, 2026, requesting a total of $110,060.44 ($92,031.10 in fees and $18,029.34 in costs). Petitioner's Motion for Final Attorney's Fees ("Fee App.") (ECF No. 63). Respondent reacted to the Fee App. on February 9, 2026, requesting that I exercise my discretion in awarding reasonable fees and costs in this matter, but also observing that Petitioner's expert requested an hourly rate that exceeded

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

the hourly rate engaged by Respondent's expert. Response at 3-4 (ECF No. 64). Petitioner filed a reply on February 13, 2026, reiterating her request, and also arguing that claimant experts in the Vaccine Program are routinely awarded a higher hourly rate than Respondent's experts. Petitioner Reply at 1-3 (ECF No. 65).

## ANALYSIS

The Vaccine Act permits an award of reasonable attorneys' fees and costs if Petitioners are found entitled to compensation. Section15(e). In this matter, Petitioner was found to be entitled to compensation and therefore a fees award is proper. However, only "reasonable" fees or costs may be awarded in the Program.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1940 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### A.    Rate Adjustments

Petitioner is requesting that her attorneys, Cailtin Walton and Norris A. Adams of Essex Richards PA, be reimbursed at the following hourly rates based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|---|
| **Caitlin Walton** | $317 | $324 | $338 | $355 | $400 | $425 | $450 | $500 | N/A |
| **Norris Adams** | $396 | $405 | $422 | $444 | $458 | $500 | $525 | $550 | $600 |

2

This is Ms. Walton's first case in the Vaccine Program, thus it is necessary to determine a reasonable hourly rate for her and attorneys at Essex Richards, PA. Ms. Walton practices in Charlotte, North Carolina, was admitted to the North Carolina bar in August 2015, and is admitted to practice in all federal courts in North Carolina. Declaration of Caitlin Walton (ECF No. 63-3). When Petitioner's case was filed, Ms. Walton had been practicing law for five years.

Factors to be considered when determining a reasonable hourly rate were outlined in *McCulloch,* which include, among other factors, the experience of the attorney in the Vaccine Program, an attorney's overall legal experience, the quality of work performed in vaccine cases, and reputation in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17. While Ms. Walton is requesting hourly rates that correspond with OSM's Hourly Rate Fee Schedule, she requested the highest rates allowable. Fees App. at 3-4. But because this was Ms. Walton's first case in the Vaccine Program and her limited overall legal experience, I will adjust her hourly rates as follows:

| 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| $300 | $300 | $325 | $325 | $375 | $400 | $425 | $450 |

The adjustment to Ms. Walton's hourly rate will result in a reduction of fees to be awarded by **$5,005.90.**[3]

Mr. Adams was admitted to practice law in North Carolina in 2005, and is a partner at Essex Richards, P.A. When Petitioner's claim was filed, Mr. Adams had been practicing law for thirteen years, although this case was his first in the Vaccine Program. As this was Mr. Adams only case in the Vaccine Program at this time, and some of the hourly rates requested for Mr. Adams exceed the OSM Forum Hourly Rates, I will adjust his hourly rate was follows:

| 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|
| $350 | $375 | $400 | $425 | $458 | $482 | $500 | $525 | $600 |

The adjustment to Mr. Adam's hourly rate will result in a reduction of fees to be awarded by **$369.20.**[4]

---

[3] This figure was calculated by multiplying the adjusted rates to the hours worked for the corresponding years and subtracted from the total requested amount (Requested amount ($75,498.40)- Adjusted Total After Applying New Rates ($70,492.50) = $5,005.90).

[4] This figure was calculated by multiple the adjusted rates by the hours worked for the corresponding years and subtracted from the total requested amount: (Requested amount ($16,532.70) – Adjusted Total after Multiplying New Rates to Hours Expended ($16,163.50) = $369.20)

I have otherwise reviewed the submitted billing entries for this case, and find the total number of hours billed to be reasonable. Therefore, no adjustments to the requested hours expended will be made.

### B.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at * 16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to submit a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See e.g. Gardner-Cook v. Sec'y of Health & Hum. Servs.,* No. 99-480V, 2005 WL 6122520, at * 4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $18,029.34 in outstanding costs, including the filing fee, medical record retrieval, mailing costs, and costs associated with her expert, Dr. Joesph Anthony Guzzo. Fees App. at 10.  Dr. Guzzo billed $17,470.00 for three expert reports. *See* Pet. Exs. 17, 29, 30. In her motion, Petitioner states that Dr. Guzzo charged $575.00 per hour and worked approximately thirty hours for his three reports. Fees App. at 10.

The overall amount time Dr. Guzzo spent on this matter appears to be reasonable, given that he completed three expert reports, which likely aided the claim's favorable resolution.  I have previously reduced expert fees for failure to provide detailed hourly billing records, but also am reluctant to deny compensation to experts for their worthwhile efforts. *See e.g. J.S. v. Sec'y of Health & Hum. Servs.,* No. 16-1083V, 2025 WL 2463263l, at *6 (Fed. Cl. Spec. Mstr. July 30, 2025) ("[e]xperts who fail to produce invoices detailing their hourly rates and time spent on a matter should not expect to continue to receive a full award"). Thus, given the reasonable overall amount Dr. Guzzo is requesting, no reductions will be made to Dr. Guzzo's fee request.[5]

In accordance with the above, I will not make any reductions to Petitioner's attorney's costs.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs,

---

[5] In the future, however, counsel should seek to provide a detailed invoice provided by the expert retained.

and award a total of **$104,685.34 (reflecting $86,656.00 in fees and $18,029.34 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
**Brian H. Corcoran**
**Chief Special Master**

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.